**FILED**
JAN 14 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT EDWARD TORRES,<br><br>    Defendant. | Case No. 22CR37-CAB<br>Mag No. 21mj4806 AGS<br><br>ORDER FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESSES<br><br>DATE: JANUARY 13, 2022<br>TIME: 2:00 P.M.<br>JUDGE: SCHOPLER |

## ORDER

1. Material Witnesses HECTOR GARCIA-BAUTISTA and VICTORIA GARCIA-SILVA (the "MATERIAL WITNESSES") in the case of UNITED STATES v. ROBERT EDWARD TORRES shall be deposed on 1/26/22 at 9:00 a.m. The deposition will be held at the U.S. Attorney's Office. An employee of the U.S. Attorney's Office shall serve as videotape operator.

2. Defendant shall attend the deposition. If Defendant is in custody, he shall be brought separately to the deposition and a marshal shall remain present during the entire proceeding.

3. The United States Attorney's Office shall provide a videotape operator and arrange for a court-certified interpreter to be present for the Material Witnesses.

4. The cost of the interpreter for the Material Witnesses will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

5. If Defendant needs an interpreter independent of the Material Witnesses' interpreter, defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the Defendant shall be paid by the court.

///

US v. TORRES    DEPOSITION ORDER         21MJ4806 AGS

6. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. Proc. The cost of the court reporter and Transcript shall be borne by the U.S. Attorney's Office.

7. The deposition shall be video recorded. Prior to the conclusion of the deposition, the deponent, or a party, may elect to have the deponent review the video record of his/her deposition to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

8. The video operator shall select and supply all equipment required to video the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel.

9. The deposition shall be recorded in a fair, impartial, objective manner. The video equipment shall be focused on the witness; however, the video operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

10. Before examination of the witness, the notary shall state on the video record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the

names of all persons present in the deposition room. The notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape.

11. The video operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the recorder is stopped or started, the operator shall announce the time on the record. If the deposition requires the use of more than one DVD, the end of each DVDe and the beginning of the next shall be announced orally on the record by the operator.

12. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for having a transcript prepared for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

13. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in nonstenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed.R.Civ.P. 32.

///

14. Copies of all exhibits utilized during the recorded deposition shall be marked for identification during the deposition and filed along with the videotape.

15. At the conclusion of the deposition, the Government and defense attorney will advise the Material Witness's attorney if they intend to object to the release of the Material Witness. If the parties do not object to the witness's release, the Government and defense attorney will immediately approve an order for the Material Witness's release from custody. The Government will provide the Material Witnesses with a subpoena for the trial date, a travel fund advance letter, and written authorization to enter the United States to testify at trial.

16. If any party objects to the release of the Material Witness, the objecting party must request a hearing on the issue before the District Court, said request to occur within four business hours after the deposition has concluded. Failure of the objecting party to request this hearing shall be deemed a waiver of the objection to the release of the Material Witness, and a Release Order shall be submitted for approval at the end of the four hour period. If a hearing is requested, at the hearing, the objecting party must be prepared to show why release of the Material Witness is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the Court decides to release the Material Witness, the Material Witness's attorney shall file the Release Order immediately. If the parties previously scheduled a hearing regarding the Material Witness's release, this paragraph does not apply.

17. Upon request by either party, the video operator shall provide a copy of the video deposition to the requesting party at the

cost to the U.S. Attorney. After preparing the requested copies, if any, the video operator shall turn the original video over to the notary along with a certificate signed by the video operator attesting that the video is an accurate and complete record of the recorded deposition.

18. The notary shall file the original video, along with any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witnesses and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the video is an accurate and complete record of the recorded deposition and a certification that the witnesses were duly sworn by the officer.

19. To the extent that the procedures set forth herein for videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be good cause shown as allowed by F.R. Civ. P. 29.

20. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

IT IS SO ORDERED:

1/13/2022
DATE

HON. Michael S. Berg
UNITED STATES MAGISTRATE COURT JUDGE